[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
CT Page 5286
The defendant Waterbury Housing Authority has moved this court to strike Count Four of the plaintiff's complaint. The defendant WHA points out that § 8-44b, Conn. General Statutes provides, in part, that
 "Housing authority police officers . . . shall be subject to the ultimate supervision and control of the Chief of Police of the municipality. . ."
The defendant WHA argues that in lieu of that statute, no action can lie against it.
The court cannot agree with that claim.
Section 8-44 (b) Connecticut General Statutes provides, in part, that
 "any housing authority . . . shall have the power to establish a housing authority police force, the members of which shall be employees of such housing authority. . ."
It further provides
 "Housing authority police officers shall be appointed by the local board . . . empowered to appoint municipal police officers, subject to approval of the housing authority."
It also provides, that,
 "the appointing authority may promote . . . probationary officers to permanent status; provided such promotion . . . shall be made subject to the approval of the housing authority."
The Waterbury Housing Authority clearly has the authority to establish a police force and employ its members.
It also has the authority to approve the appointment of WHA officers and the authority to approve the promotions of such officers. Officer Bill Evans is such an officer. CT Page 5287
The plaintiff has set forth a legally cognizant claim for relief. Nowak v. Nowak, 175 Conn. 112, 116 (1978).
Whether or not he can meet his burden of proof regarding the allegations raised in Count Four is to be determined by the trier of the fact.
For the foregoing reasons the Motion to Strike Count Four is hereby denied.
JOSEPH W. DOHERTY, J.